

WAIS VOGELSTEIN FORMAN & OFFUTT LLC

EXCEPTIONAL REPRESENTATION. SUPERIOR RESULTS.

1829 REISTERSTOWN ROAD
SUITE 425
BALTIMORE, MARYLAND 21208
PHONE: 410-998-3600
FAX: 410-998-3680
WWW.MALPRACTICETEAM.COM

October 28, 2019

**VIA EMAIL AND REGULAR MAIL**
Michael Damiano, Esquire
Shaw & Morrow, P.A.
Executive Plaza III, Suite 1200
11350 McCormick Road
Hunt Valley, MD 21031

      RE:   *C.C., et al. v. University of Maryland Charles Regional Health, Inc., et al.*
               **United State District Court for the District of Maryland**
               **Case No.: 8:18-cv-03891-GLS**

Michael,

      I am in receipt of the updated redacted audit trails which you forwarded on October 25, 2019 and the revised privilege log for the redactions. Unfortunately, there are still several deficiencies in your clients' production of the redacted audit trails and the privilege log.

      Your client's continuing assertion of privilege under Health Occupations Article §1-401(d)(1) is improper. That statute states that "[e]xcept as otherwise provided in this section, the proceedings, records, and files of a medical review committee are not discoverable and are not admissible in evidence in any civil action." §1-401(e)(2) goes on to state that subsection (d)(1) of the section does not apply to "[a]ny record or document that is considered by the medical review committee and that otherwise would be subject to discovery and introduction into evidence in a civil trial." The fact that a medical review committee may have accessed or reviewed these records do not subject them to the privilege against disclosure. Audit trails are part of the patient's medical record and even when reviewed by a medical review committee are nonetheless discoverable and not privileged under §1-401(e)(2) of the Health Occupations Article.

      Additionally, your clients have still failed to produce audit trails that conform to the request. The audit trails that were produced contain limited information and are still heavily redacted. The audit trails which your clients recently re-produced did not contain (1) what the user was doing while accessing the record; (2) functions performed by the user once logged on; (3) all commands directly initiated by the user; (4) whether any actual or attempted security violations occurred or were flagged by the computer system; (5) system activities the user engaged in; (6) sequence of events and/or changes that occurred while the user had access to the patient's chart, data or information; or (7) specific actions taken by the user, such as reading, editing, modifying, updating, correcting or deleting records or fields. All of this information was requested in Request No. 24 as part of the audit trail that was to be produced. One of the main purposes of the audit trails is to disclose whether any material modifications were made to the record at or after the time

treatment was being rendered. Without full information on what the users were doing while accessing the records, the Plaintiffs are deprived of meaningful and relevant information regarding their care. According to the limited audit trails produced, the vast majority of the access to the Plaintiffs' medical records occurred after they were treated and after they were discharged, which raises the issue of why the records were accessed at those times and what activities the accessing users were engaging in within the records. That information is highly relevant and admissible in a case regarding the adequacy of the care provided by your clients and their agents.

Please produce the un-redacted and full audit trails containing all information requested in Request No. 24. Please also include this letter and our position in your Response that is due to be filed with the court today as an additional good faith attempt to confer on this issue. If you fail to do so, we will file a Reply letter advising the court of the ongoing deficiencies in your client's discovery production and of our efforts to continue to resolve this issue.

This letter is sent as a good faith attempt to confer on this discovery issue.

Thank you in advance for your attention to this matter.

Sincerely,

Kieran Murphy

KM/